IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| 8000 DEL DONORE HOA-8000 INC. | § | |
|     Plaintiff | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 5:17-CV-1226 |
| | § | |
| MID-CENTURY INSURANCE | § | |
| COMPANY; EFI GLOBAL, INC.; | § | |
| DAVID AMORI | § | |
|     Defendants | § | |

## DEFENDANT'S NOTICE OF REMOVAL

TO THE HONORABLE JUDGE OF SAID COURT:

Defendant, Mid-Century Insurance Company, files this notice of removal under 28 U.S.C. §1446(b).

### A. INTRODUCTION

1. Plaintiff is 8000 Del Donore HOA-8000, Inc., and Defendants are Mid-Century Insurance Company, EFI Global, Inc., and David Amori.

2. On August 31, 2017, Plaintiff sued Defendant, Mid-Century Insurance Company for breach of contract, violations of the Texas Unfair Claims Practices Act, non-compliance with Texas Insurance Code Chapter 542 and breach of common law duty of good faith and fair dealing in the 150th Judicial District Court of Bexar County.

3. Subsequently on October 18, 2017, Plaintiff filed its Second Amended Petition and sued Defendants, EFI Global, Inc. and David Amori for aiding and abetting violations of the Texas Unfair Claims Practices Act and civil conspiracy to violate the Texas Unfair Claims Practices Act.

4. Defendant, Mid-Century Insurance Company was served with the Plaintiff's Second Amended Petition on November 1, 2017. Defendant files this notice of removal within the 30-

day time period required by 28 U.S.C. §1446(b). *Bd. of Regents of Univ. of Tex. Sys. v. Nippon Tel. & Tel. Corp.*, 478 F.3d 274, 278 (5th Cir. 2007).

5. Defendant, EFI Global, Inc. is a Delaware corporation and Defendant David Amori is a Texas Resident who resides in Bexar County but has been brought into this lawsuit solely to attempt to defeat diversity jurisdiction.

6. The amount in controversy is within the jurisdictional limits of the Court. Plaintiff is seeking monetary relief over $1,000,000.

### B. BASIS FOR REMOVAL

7. Removal is proper because Plaintiff joined Defendant David Amori solely to defeat diversity jurisdiction. *See Salazar v. Allstate Tex. Lloyd's, Inc.*, 455 F.3d 571, 574 (5th Cir. 2006). There is no reasonable basis for believing that Plaintiff could recover from Defendant David Amori in state court. *Larroquette v. Cardinal Health 200, Inc.*, 466 F.3d 373, 376-77 (5th Cir. 2006); *see Morris v. Princess Cruises, Inc.*, 236 F.3d 1061, 1067-68 (9th Cir. 2001).

8. Defendant David Amori was retained by Mid-Century Insurance Company as part of its investigation and adjustment of Plaintiff's insurance claim. Defendant Amori's task was to examine the subject property concerning the cause of damage as a result of a recent thunderstorm and hail event, which he did. Plaintiff alleges aiding and abetting against Defendant David Amori. *Juhl v. Arlington* states the purpose of this theory is to deter antisocial or dangerous behavior. *Juhl v. Arlington*, 936 S.W.2d 640, 644 (Tex. 1996). Other instances where this theory of liability has been imposed have almost always involved conduct posing a high degree of risk to others. *Id.* at 645.[1] Here, Defendant Amori's conduct was not the "type of highly dangerous,

---

[1] "Concerted activity cases generally involve such manifestly unacceptable and dangerous behavior as group assault upon an individual or highway drag-racing…"; "Thus as we noted in Gaulding, 772 S.W.2d at 69, section 876(b) has often been employed to hold all parties who drag race on public streets liable if only one vehicle actually causes injury to a bystander."; "One who encouraged another to 'see what his car could do' was

deviant, or anti-social group activity which was likely to cause serious injury or death to a person or certain harm to a large number of people. *Id.* He was an engineer that was hired to look at a roof.

9.      Plaintiff also alleged that Defendant Amori and Defendant Mid-Century Insurance Company conspired to violate the Texas Insurance Code. "The elements of conspiracy are, 1) two or more persons, 2) an object to be accomplished, 3) a meeting of the minds on the object or course of action, 4) one or more unlawful, overt acts, and 5) damages." *Dagley v. Haag Engineering*, 18 S.W.3d 787, 795 (Tex.App.-Houston [14th Dist.] 2000, no pet.). "For liability to attach, there must be an unlawful, overt act in furtherance of the conspiracy." *Massey v. Armco Steel Co.*, 652 S.W.2d 932, 934 (Tex. 1983); *Dagley v. Haag Engineering*, 18 S.W.3d 787 at 795. The Court in *Haag* said "we cannot conclude that submitting a report to State Farm with a conclusion that there was no hail storm damage to appellants' homes is an unlawful, over act to support a conspiracy." *Id.* Defendant Amori's task of inspecting the subject property to find the cause of damage was not an overt unlawful act. Further the conclusions reached by Defendant Amori in his report do not constitute an unlawful overt act to support a conspiracy. Additionally, there was clearly no meeting of the minds. Defendant Amori performed an independent inspection, and came up with his own conclusion as to the cause of the damage at the property. Further, Defendant Amori had no opinion or made no determination as to insurance coverage or whether any payments should be made to Plaintiff. *See EFI Global Inc. and David Amori's Original Answer and Special Exceptions*.

10.     It is clear that Plaintiff's claims of conspiracy and aiding and abetting against Defendant

---

held liable for encouraging the reckless driving that caused the plaintiff's injuries."; "two people target shooting with a high powered rifle and a gravel pile as backstop could both be liable when a ricocheting bullet hit the plaintiff."; "passenger who assisted driver in becoming intoxicated was liable for the harm resulting from DUI." *Id.* at 645 [internal citations omitted].

David Amori are solely pled in an attempt to defeat diversity jurisdiction.

11.     All Defendants who have been properly joined and served join in or consent to the removal of this case to federal court. 28 U.S.C. §1446(b)(2)(A); *Cook v. Randolph Cnty.*, 573 F.3d 1143, 1150-51 (11th Cir. 2009); *Pritchett v. Cottrell, Inc.*, 512 F.3d 1057, 1062 (8th Cir. 2008); *Harper v. AutoAlliance Int'l, Inc.*, 392 F.3d 195, 201-02 (6th Cir. 2004).

12.     Consent of Defendant David Amori is not necessary because Defendant David Amori has not been properly joined. 28 U.S.C. §1446(b)(2)(A); *see Harper v. AutoAlliance Int'l, Inc.*, 392 F.3d 195, 201 (6th Cir. 2004); *Lewis v. Rego Co.*, 757 F.2d 66, 68 (3d Cir. 1985).

13.     Copies of all pleadings, process, orders, and other filings in the state-court suit are attached to this notice as required by 28 U.S.C. §1446(a).

14.     Venue is proper in this district under 28 U.S.C. §1441(a) because the state court where the suit has been pending is located in this district.

15.     Defendant will promptly file a copy of this notice of removal with the clerk of the state court where the suit has been pending.

### C. JURY DEMAND

16.     Plaintiff did demand a jury in the state-court suit.

### D. CONCLUSION

17.     Plaintiff's claims of conspiracy and aiding and abetting against Defendant David Amori are solely pled in an attempt to defeat diversity jurisdiction.  For these reasons, defendant asks the Court to remove the suit to Western District of Texas, San Antonio Division.

**Dated: December 1, 2017**

Respectfully submitted,

**DOYEN SEBESTA, LTD., LLP**

By: ___/s/ Alasdair A. Roberts___
Alasdair A. Roberts
State Bar No. 24068541
Federal Bar No.: 1197204
aroberts@ds-lawyers.com
Paragon Center One
450 Gears Road Suite 350
Houston, Texas 77067
(713) 580-8900
(713) 580-8910 Facsimile

**ATTORNEY FOR DEFENDANT
MID-CENTURY INSURANCE
COMPANY**

**CERTIFICATE OF SERVICE**

   I hereby certify that on December 1, 2017, I electronically filed the foregoing with the Clerk of Court by using the CM/ECF system which will send notice of electronic filing to the below. If they are not subscribers to the system, then service will be made by certified mail return receipt requested.

Jeffrey G. Zane, Esq.
MERLIN LAW GROUP, P.A.
515 Post Oak Blvd, Suite 750
Houston, Texas 77027
(713) 626-8880
(713) 626-8881 (Facsimile)
jzane@merlinlawgroup.com

*Attorney for Plaintiff*

Jeffrey L. Hoffman
WILSON, ELSER, MOSKOWITZ, EDELMAN & DICKER, LLP
909 Fannin, Suite 3300
Houston, Texas 77010
(713) 353-2000
(713) 785-7780 (Facsimile)
jeff.hoffman@wilsonelser.com

*Attorney for Defendants, EFI Global, Inc. and David Amori*

              */s/ Alasdair A. Roberts*
                Alasdair A. Roberts