IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| 8000 DEL DONORE HOA-8000 INC. | § | |
|     Plaintiff | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 5:17-CV-1226 |
| | § | |
| MID-CENTURY INSURANCE | § | |
| COMPANY; EFI GLOBAL, INC.; | § | |
| DAVID AMORI | § | |
|     Defendants | § | |

---

**EXHIBIT "A"**
**DEFENDANT MID-CENTURY INSURANCE COMPANY'S**
**INDEX OF MATTERS BEING FILED IN SUPPORT OF NOTICE OF REMOVAL**

---

1. Civil Cover Sheet;

2. Notice of Removal;

3. Notice of Consent of Removal;

4. List of All Counsel;

5. Documents on file in the state court:

    a. Bexar County District Court Registry for Cause No.: 2017CI16831;

    b. Plaintiff's Original Petition and Requests for Disclosure;

    c. Plaintiff's Second Amended Petition;

    d. Defendant EFI Global Inc. and David Amori Original Answer and Special Exceptions; and

    e. Defendant Mid-Century Insurance Company's Original Answer.



GERARD C. RICKHOFF          DONNA KAY McKINNEY

### COUNTY CLERK & DISTRICT CLERK
### COURT RECORDS SEARCH

# Case #2017CI16831

**Name** :

**Date Filed** : 08/31/2017

**Case Status** : PENDING

**Litigant Type** : PLAINTIFF

**Court** : 150

**Docket Type** : INSURANCE

**Business Name** : 8000 DEL DONORE HOA-8000 INC

**Style** : 8000 DEL DONORE HOA-8000 INC

**Style (2)** : vs MID-CENTURY INSURANCE COMPANY ET AL

# Case History

*Currently viewing 1 through 13 of 13 records*

| Sequence | Date Filed | Description |
|----------|-----------|-------------|
| P00009 | 11/27/2017 | ORIGINAL ANSWER OF<br>MID CENTURY INSURANCE COMPANY |
| P00008 | 11/27/2017 | ORIGINAL ANSWER OF<br>EFI GLOBAL INC AND DAVID AMORI AND SPECI<br>AL EXCEPTIONS |
| S00004 | 10/26/2017 | CITATION<br>DAVID AMORI<br>ISSUED: 10/26/2017 RECEIVED: 10/30/2017<br>EXECUTED: 11/13/2017 RETURNED: 11/17/2017 |
| S00003 | 10/26/2017 | CITATION<br>EFI GLOBAL INC<br>ISSUED: 10/26/2017 RECEIVED: 11/1/2017<br>EXECUTED: 11/3/2017 RETURNED: 11/16/2017 |
| S00002 | 10/26/2017 | CITATION<br>MID-CENTURY INSURANCE COMPANY<br>ISSUED: 10/26/2017 RECEIVED: 11/1/2017<br>EXECUTED: 11/3/2017 RETURNED: 11/16/2017 |
| P00007 | 10/18/2017 | SECOND AMENDED PETITION |
| P00006 | 10/18/2017 | AMENDED PETITION |
| P00005 | 10/18/2017 | SERVICE ASSIGNED TO CLERK 2 |
| S00001 | 10/13/2017 | CITATION<br>MID-CENTURY INSURANCE COMPANY<br>ISSUED: 10/13/2017 RECEIVED: 11/1/2017<br>EXECUTED: 11/1/2017 RETURNED: 11/13/2017 |
| P00004 | 10/10/2017 | LETTER TO DISTRICT CLERK<br>FRM: MERLIN LAW GROUP RE: COPY FEE PAID |
| P00003 | 8/31/2017 | JURY FEE PAID |
| P00002 | 8/31/2017 | SERVICE ASSIGNED TO CLERK 1 |
| P00001 | 8/31/2017 | PET FOR HAIL DAMAGE COMMERCIAL<br>WJD |

PRIVATE PROCESS

Case Number: 2017-CI-16831

2017CI16831   S00001

8000 DEL DONORE HOA-8000 INC
**VS.**

MID-CENTURY INSURANCE COMPANY
(Note:Attached Document May Contain Additional Litigants.)

IN THE DISTRICT COURT
150th JUDICIAL DISTRICT
BEXAR COUNTY, TEXAS

## CITATION

"THE STATE OF TEXAS"

Directed To: MID-CENTURY INSURANCE COMPANY
   BY SERVING ITS ATTORNEY FOR SERVICE CHANDRA SPERRY

RECEIVED

NOV 0 1 2017

AUSP

"You have been sued. You may employ an attorney. If you or your attorney do not file a written answer with the clerk
who issued this citation by 10:00 a.m. on the Monday next following the expiration of twenty days after you were
served this CITATION and ORIGINAL PETITION , a default judgment may be taken against you." Said ORIGINAL
PETITION  was filed on the 31st day of August, 2017.

ISSUED UNDER MY HAND AND SEAL OF SAID COURT ON THIS 13TH DAY OF OCTOBER A.D., 2017.

JEFFREY G ZANE
ATTORNEY FOR PLAINTIFF
515 POST OAK BLVD 750
HOUSTON, TX 77027



DISTRICT COURT OF BEXAR COUNTY, TEX.

Donna Kay McKinney
Bexar County District Clerk
101 W. Nueva, Suite 217
San Antonio, Texas 78205

By: *Christopher Morrow*, Deputy

---

8000 DEL DONORE HOA-8000 INC
VS
MID-CENTURY INSURANCE COMPANY

**Officer's Return**

Case Number: 2017-CI-16831
Court: 150th Judicial District Court

I received this CITATION on the _1st_ day of _November_, 20_17_ at _1:00_ o'clock _P_.M. and:( ) executed it by delivering a copy of the CITATION with attached
ORIGINAL PETITION   on the date of delivery endorsed on it to_____, in person on the _____ day
of_____, 20_____ at _____ o'clock ___.M. at:_____ or  (  )  not  executed  because
_____

Fees:_____ Badge/PPS #:_____ Date certification expires:_____

_____ County, Texas

By :_____

OR: VERIFICATION OF RETURN (If not served by a peace officer) SWORN TO THIS

_____
NOTARY PUBLIC, STATE OF TEXAS

OR: My name is _____, my date of birth is _____, and my address is
_____,_____ County.

I declare under penalty of perjury that the foregoing is true and correct. Executed in _____ County, State of Texas, on
the _____ day of_____, 20____

DELIVERED:
ON: 11/01/17
BY: _____ PSC BS
@: _____ am pm

_____ Declarant

ORIGINAL (DK002)

FILED
8/31/2017 10:27 PM
Donna Kay McKinney
Bexar County District Clerk
Accepted By: Krystal Gonzalez

cit pps sac1

CAUSE NO. **2017CI16831**

| | | |
|---|---|---|
| **8000 DEL DONORE HOA-8000 INC.** | § | **IN THE DISTRICT COURT OF** |
| **PLAINTIFF** | § | |
| | § | |
| | § | |
| **vs.** | § | **BEXAR COUNTY, TEXAS** |
| | § | |
| **MID-CENTURY INSURANCE** | § | |
| **COMPANY,** | § | |
| | § | |
| **DEFENDANT** | § | **150** **th JUDICIAL DISTRICT** |

## PLAINTIFF'S ORIGINAL PETITION

**TO THE HONORABLE JUDGE OF SAID COURT:**

COMES NOW, **8000 DEL DONORE HOA-8000 INC.** (hereinafter, referred to as Plaintiff), and files this, its **Original Petition**, and for causes of action against **MID-CENTURY INSURANCE COMPANY ("MID-CENTURY")**, would show unto the Court and the jury the following:

### A.   DISCOVERY CONTROL PLAN

1.    Plaintiff intends to conduct discovery under **Level 3** of Tex.R.Civ.P.190. This case involves complex issues and will require extensive discovery.   Therefore, Plaintiff will ask the Court to order that discovery be conducted in accordance with a discovery control plan tailored to the particular circumstances of this suit.

### B.   PARTIES AND SERVICE OF PROCESS

2.    Plaintiff owns the property that is the subject of this lawsuit and is situated at 8000 Donore Place, San Antonio, **Bexar** County, Texas 78229 (the "Property").

3.    Defendant **MID-CENTURY** is a California insurance company engaging in the business of insurance in the State of Texas.   This defendant may be served with personal process, by a process server, by serving its Attorney for Service, Chandra Sperry, 15700 Long Vista Drive, Austin, Texas 78728-3822.

1

### C.   JURISDICTION

4.      The Court has jurisdiction over the cause of action because the amount in controversy is within the jurisdictional limits of the Court. Plaintiff is seeking monetary relief over $1,000,000.  Plaintiff reserves the right to amend its petition during and/or after the discovery process.

5.      The Court has jurisdiction over **MID-CENTURY**, because this defendant engages in the business of insurance in the state of Texas and the causes of action arise out of Defendant's business activities in the state of Texas.

### D.   VENUE

6.      Venue for this suit for breach of a written contract is permissive in Bexar County under Texas Civil Practice & Remedies Code section 15.035(a) because this county was identified as the county wherein the insured property is located and the place for an obligation under the contract to be performed pursuant to the first party property insurance contract referenced herein.

### E. FACTS

7.      This lawsuit arises out of the following transactions, acts, omissions, and/or events.

8.      The Plaintiff is a condominium owner's association for the Property, which is a condominium complex located at 8000 Donore Place, San Antonio, Texas 78229.

9.      The Property had a property insurance policy with **MID-CENTURY** pursuant to Policy Number: 0605507458 (the "Policy"), which was in effect at all relevant times.

10.     The Plaintiff's Property was severely damaged by a windstorm/hailstorm occurring on April 12, 2016.

11.     Plaintiff submitted a claim to **MID-CENTURY** pursuant to the Policy for damages as a result of the hailstorm.

12.     **MID-CENTURY** acknowledged Plaintiff's claim and assigned a claim number of 3005985142-1-1 (the "Claim").

13.     On or about May 3, 2016, **MID-CENTURY's** adjuster, Joe Bartlett, inspected the Property but did not look at the Property's roofs except from the street.

14.     On or about May 6, 2016, Mr. Bartlett inspected the Property with John Cook and David Amori, on behalf of EFI.  Cook operated as EFI's Project Manager on the **Claim**.

15.     Despite obvious new damage to the Property's roof, **MID-CENTURY** refused to acknowledge new windstorm/hailstorm damage.

16.     On or about May 13, 2016, Cook and Amori, operating on behalf of EFI, prepared a Roof Evaluation Report with regard to the Claim.  In the report, EFI incorrectly alleged that the Property had been struck by hail of less than .75 inches.  The EFI report concluded that "storm related damage to the roof was not observed at the subject Property."  The Roof Evaluation Report did not represent a reasonable analysis of the damage that the Property had suffered, but was instead an intentional misrepresentation of the Property's condition in an attempt to evade payment by **MID-CENTURY** for the claim.

17.     **MID-CENTURY** used this report as justification to refuse payment of the insurance Claim in bad faith.

3

18.     On or about August 22, 2016, in light of **MID-CENTURY**'s failure to properly pay the Claim, Plaintiff was compelled to retain Crossroads Insurance Recovery to assist with the Claim.

19.     On or about August 24, 2016, Crossroads Insurance Recovery first inspected the Property. Crossroads conducted several separate follow-up inspections, including inspections on September 8, 2016, September 9, 2016. and October 25, 2016.

20.     On or about October 4, 2016, Gary Neal from Crossroads Insurance Recovery, on behalf of Plaintiff, submitted a letter of representation to **MID-CENTURY** and requested a re-inspection of the Property.   After several attempts to persuade Mr. Barlett to attend the required re-inspection, Mr. Barlett finally agreed to attend the re-inspection on October 21, 2016.

21.     On or about October 27, 2016, Mr. Neal of Crossroads Insurance Recovery along with Mr. Cook and Mr. Amori with EFI and Mr. Bartlett, re-inspected the Property.

22.     On or about November 15, 2016, Mr. Bartlett sent a letter to Crossroads Insurance Recovery in which **MID-CENTURY** refused to revise its initial opinion.

23.     On April 14, 2017, Gary Neal completed his final estimate on the Property in the amount of $4,009,292.98 (before the applicable deductible).

24.     Based on the improper, inadequate, and incomplete investigation of EFI, **MID-CENTURY** estimated Plaintiff's damages at <u>zero</u> dollars.

25.     The Claim was not handled for the benefit of the Plaintiff, and Defendant failed to accomplish the goal of fairly and promptly adjusting the Claim, and Defendant failed to adhere to the highest degree of ethical conduct by deliberating undervaluing the

4

Claim. The conduct exhibited by Defendant flies in the face of the public trust and deliberately ignores the responsibility and duty entrusted to the respective parties named herein.

26.     As of this date, **MID-CENTURY** has failed to pay for the covered storm damages to Plaintiff's Property, and instead knowingly relies on the bad faith opinions prepared and advanced by EFI and Cook to decline coverage in bad faith. Defendant has failed and refused to evaluate the information surrounding facts regarding Plaintiff's covered Claim, choosing instead to hide behind palpably incorrect assumptions and conclusions of its agents, employees or consultants.

27.     Defendant failed or refused and continues to fail or refuse to pay covered Claim on a timely basis as required by the insurance contract and as required by the Texas Insurance Code. Instead, **MID-CENTURY** has wrongfully delayed or denied the Claim when liability for coverage under the policy was reasonably clear.

28.     In contrast, Plaintiff has cooperated with every request made by **MID-CENTURY** and has displayed, at reasonable times, all of its relevant records, documents, buildings and contents that are subject of this catastrophic loss.

29.     **MID-CENTURY** has persisted in delay or denial to pay the full amounts due for Plaintiff's Claim even though a person of ordinary prudence and care would have done otherwise.

30.     No reasonable basis exists for **MID-CENTURY** to delay and/or refuse to provide covered benefits due and owing under the insurance policy in question.

5

31.     **MID-CENTURY** has misrepresented to Plaintiff that the damages to the Property were not due to the covered perils from the storm April 12, 2016, even though the damages were caused by covered perils.

32.     **MID-CENTURY** failed to make an attempt to settle the Claim in a fair manner, although **MID-CENTURY** was aware of the liability to the Plaintiff under the policy in violation of Texas Unfair Competition and Unfair Practices Act. Tex. Ins. Code Sec.541§060(2).

33.     **MID-CENTURY** refused and/or failed to properly evaluate the obvious damages to Plaintiff's Property, forcing the Plaintiff to hire its own experts and incur additional expenses.

34.     **MID-CENTURY** refused to fully compensate Plaintiff, under the terms of the policy and failed to conduct a reasonable investigation, in violation of the *Texas Unfair Competition and Unfair Practices Act*. Tex. Ins. Code Section 541.060(7).

35.     Defendant performed an outcome-oriented investigation of Plaintiff's Claim, which resulted in a biased, unfair and inequitable evaluation of Plaintiff's losses on the Property. Defendant' conduct constitutes violations of the *Texas Unfair Competition and Unfair Practices Act*. Tex. Ins. Code Section 541.060(7).

36.     From and after the time Plaintiff's Claim was presented to **MID-CENTURY**, the liability of **MID-CENTURY** to pay the full Claim in accordance with the terms of the policy was reasonably clear. However, **MID-CENTURY** has refused to pay Plaintiff in full, despite there being no basis whatsoever on which a reasonable insurance company would have relied on to deny the full payment. Defendant's conduct constitutes a breach of the common law duty of good faith and fair dealing.

37.   As a result of Defendant's acts and omissions, Plaintiff was forced to retain the undersigned attorney who is representing Plaintiff in this cause of action.

38.   Plaintiff's experience is not an isolated case.  The acts and omissions committed by Defendant in this case, or similar acts and omissions, occur with such frequency that they constitute a general business practice of Defendant with regard to handling these types of claims.   In particular, **MID-CENTURY's** entire process is unfairly designed to reach favorable outcomes for the insurance company at the expense of the policyholders.

## F.  CAUSES OF ACTION AGAINST DEFENDANT MID-CENTURY - COUNT I - BREACH OF CONTRACT

39.   Plaintiff incorporates the foregoing allegations by this reference.

40.   On December 31, 2015, Plaintiff and Defendant **MID-CENTURY** executed a valid and enforceable written insurance contract providing insurance coverage to the insured location at 8000 Donore Pl, San Antonio, Texas 78229 from the peril of windstorm and hailstorm among other perils (the "Policy").   **MID-CENTURY** has a complete copy of the policy in its possession.

41.   All damages and loss to Plaintiff's Property were caused by a direct result of a peril for which Plaintiff insured pursuant to the policy herein, windstorm/hail storm damage.

42.   **MID-CENTURY** sold this policy insuring the Property in its "as is" condition, insuring the Property that is the subject of this lawsuit to Plaintiff.

43.   Plaintiff suffered a significant loss with respect to the Property at issue and additional expenses as a result of the windstorm/ hailstorm damage.

44. Plaintiff submitted a Claim to **MID-CENTURY** pursuant to the contract of insurance for damages as a result of the windstorm damage.

45. Plaintiff provided **MID-CENTURY** with proper notice of damage to the exterior and interior of the insured Property.

46. **MID-CENTURY** ignored the information provided by the public adjuster and chose simply to only rely on its own consultants, because it had retained EFI for the purpose of ensuring a biased and unfair evaluation.

47. **MID-CENTURY** failed to properly evaluate the damages resulting from the covered cause of loss, a windstorm.

48. Defendant **MID-CENTURY's** conduct in failing to make payment in full properly due under the clear terms of the governing agreement constitutes a breach of the insurance contract made between **MID-CENTURY** and Plaintiff.

49. Defendant **MID-CENTURY's** failure and/or refusal, as described above, to pay the adequate compensation as it is obligated to do under the terms of the Policy in question, and under the laws of the State of Texas, constitutes a breach of **MID-CENTURY's** insurance contract with Plaintiff.

## COUNT II - VIOLATIONS OF THE TEXAS UNFAIR CLAIMS PRACTICES ACT

50. Plaintiff incorporates the foregoing allegations by this reference.

51. Defendant **MID-CENTURY** is an entity that is required to comply with Tex. Ins. Code Sections 541.051; 541.060; 541.061; and 541.151. **MID-CENTURY's** conduct constitutes multiple violations of the *Texas Unfair Compensation and Unfair Practices Act.* Tex. Ins., including Tex. Ins. Code Sec. 541.060(a)(7): "refusing to pay a Claim without conducting a reasonable investigation with respect to the Claim".

52.     Defendant **MID-CENTURY's** unfair settlement practice, as described in detail above, of misrepresenting to Plaintiff material facts relating to the coverage at issue, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. TEX. INS. CODE §541.060(a)(1).

53.     Defendant **MID-CENTURY's**, unfair settlement practice, as described above, of failing to attempt in good faith to effectuate a prompt, fair, and equitable settlement of the Claim, even though Defendant's liability under the policy was reasonably clear, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. Tex. Ins. Code Sections 541.051, 541.060 and 541.061.

54.     Defendant **MID-CENTURY's** unfair settlement practice, as described in detail above, of failing to promptly provide Plaintiff with a reasonable explanation of the basis in the Policy, in relation to the facts or applicable law, for its offer of a compromise settlement of the Claim, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance.    Tex. Ins. Code Section 541.060(a)(3).

55.     Defendant **MID-CENTURY's** unfair settlement practice, as described in detail above, of refusing to pay Plaintiff's Claim without conducting a reasonable investigation, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. Tex. Ins. Code Section 541.060(a)(7).

## COUNT III - NON-COMPLIANCE WITH TEXAS INSURANCE CODE CHAPTER 542: "THE PROMPT PAYMENT OF CLAIMS ACT"

56.     Plaintiff incorporates the foregoing allegations by this reference.

9

57.     **MID-CENTURY**'s conduct constitutes multiple violations of the Texas Prompt Payment of Claims Act. Tex. Ins. Code Chapter 542. All violations made under this article are made actionable by Tex. Ins. Code Section 542.060.

58.     By accepting insurance premiums but refusing without a reasonable basis to pay benefits due and owing, **MID-CENTURY** has engaged in an unconscionable action or course of action as prohibited by the DTPA sec. 17.50(a)(1)(3) in that **MID-CENTURY** took advantage of Plaintiff's lack of knowledge, ability, experience, and capacity to a grossly unfair degree, that also resulted in a gross disparity between the consideration paid in the transaction and the value received, in violation of Chap. 541, Texas Insurance Code.

## COUNT IV - BREACH OF COMMON LAW
## DUTY OF GOOD FAITH AND FAIR DEALING

59.     Plaintiff incorporates the foregoing allegations by this reference.

60.     **MID-CENTURY's** conduct, as specifically described above, constitutes a breach of the common law duty of good faith and fair dealing owed to Plaintiff pursuant to the insurance contract, and was in direct contradiction of the applicable industry standards of good faith and fair dealing.

61.     **MID-CENTURY's** failure as described above, to adequately and reasonably investigate, evaluate, and pay the benefits owed under the insurance contract, knowing full well through the exercise of reasonable diligence that its liability was reasonably clear, resulted in a breach of the duty of good faith and fair dealing.

### G.   KNOWLEDGE AND INTENT

62.   Each of the acts described above, together and singularly, was done "knowingly" and "intentionally" and was a producing cause of Plaintiff's damages described herein.

### H.   DAMAGES AND PRAYER

63.   **WHEREFORE, PREMISES CONSIDERED,** Plaintiff herein, complains of Defendant and prays that, be cited to appear and answer and that on a final trial on the merits, Plaintiff recovers from Defendant the following:

64.   Plaintiff would show that all of the aforementioned acts, taken together or singularly, constitute the proximate and/or producing causes of damages sustained by Plaintiff.

65.   As previously mentioned, the damages caused by the storm have not been properly addressed or repaired in the months since the storm, causing further damages to the Property, and causing undue hardship and burden to Plaintiff. The delay on the part of the Defendant has caused Plaintiff to be exposed to more storms and leaves its Property vulnerable to the elements such as rain, wind, and hail. These damages are a direct result of Defendant' mishandling of Plaintiff's Claim in violation of the laws set forth above.

66.   For breach of contract, Plaintiff is entitled to regain the benefit of its bargain, which is the amount of its Claim, together with attorney's fees.

67.   For noncompliance with the Texas Insurance Code, Unfair Settlement Practices, Plaintiff is entitled to actual damages, which include the loss of the benefits that should have been paid pursuant to the policy, mental anguish, court costs, and

11

attorney's fees.  For knowing conduct of the acts described above, Plaintiff asks for three times its actual damages.  Tex. Ins. Code §541.152.

68.     For noncompliance with Texas Insurance Code, Prompt Payment of Claims, Plaintiff is entitled to the amount of its Claim, as well as eighteen (18) percent interest per annum on the amount of such Claim as damages, together with attorney's fees.  Tex. Ins. Code §542.060.

69.     For breach of the common law duty of good faith and fair dealing, Plaintiff is entitled to compensatory damages, including all forms of loss resulting from the insurer's breach of duty, such as additional costs, economic hardship, losses due to nonpayment of the amount the insurer owed, exemplary damages, and damages for emotional distress.

70.     For the prosecution and collection of this Claim, Plaintiff has been compelled to engage the services of the attorney whose name is subscribed to this pleading.   Therefore, Plaintiff is entitled to recover a sum for the reasonable and necessary services of Plaintiff's attorney in the preparation and trial of this action, including any appeals to the Court of Appeals and/or the Supreme Court of Texas

71.     In order to punish **MID-CENTURY** and to set an example and thereby prevent other policyholders from being treated in this manner, exemplary damages should be awarded.   Accordingly, Plaintiff seeks exemplary damages in an amount the jury deems appropriate to accomplish these goals.

## I.     <u>JURY DEMAND</u>

72.     Plaintiff respectfully demands a <u>**trial by jury**</u>.

**J.**   <u>**REQUEST FOR DISCLOSURE**</u>

73.   Pursuant to Rule 194, you are requested to disclose, within **fifty (50)** days

of service of this request, the information or material requested in Rule 194.2(a)-(l).

**PRAYER**

WHEREFORE, PREMISES CONSIDERED, Plaintiff prays that upon trial

hereof, Plaintiff have and recover such sums as would reasonably and justly compensate

it in accordance with the rules of law and procedure, as to actual damages, treble

damages under the Texas Insurance Code, and all punitive and exemplary damages as

may be found.  In addition, Plaintiff requests the award of attorney's fees for the trial and

any appeal of this case, for all costs of Court on its behalf expended, for prejudgment and

post judgment interest as allowed by law, and for any other and further relief, either at

law or in equity, to which it may show itself justly entitled.

Respectfully submitted,

**The Merlin Law Group**

By:   _/s/ Jeffrey G. Zane_
           **Jeffrey G. Zane, Esq.**
           State Bar No. 24095197
           jzane@merlinlawgroup.com
           515 Post Oak Blvd., Suite 750
           Houston, Texas 77027
           Telephone: (713) 626-8880
           Facsimile: (713) 626-8881

**ATTORNEY FOR PLAINTIFF**

# CIVIL CASE INFORMATION SHEET (Rev. 2/13)

CAUSE NUMBER *(FOR CLERK USE ONLY):* _____     COURT *(FOR CLERK USE ONLY):* _____

STYLED 8000 Del Donore HOA- 8000 Inc. vs. Mid-Century Insurance Company
*(e.g., John Smith v. All American Insurance Co; In re Mary Ann Jones; In the Matter of the Estate of George Jackson)*

A civil case information sheet must be completed and submitted when an original petition or application is filed to initiate a new civil, family law, probate, or mental health case or when a post-judgment petition for modification or motion for enforcement is filed in a family law case. The information should be the best available at the time of filing.

| 1. Contact information for person completing case information sheet: | Names of parties in case: | Person or entity completing sheet is: |
|---|---|---|
| **Name:** Jeffrey G. Zane <br> **Email:** jzane@merlinlawgroup.com | **Plaintiff(s)/Petitioner(s):** <br> 8000 Del Donore HOA- 8000 Inc. | ☒Attorney for Plaintiff/Petitioner <br> ☐Pro-Se Plaintiff/Petitioner <br> ☐Title IV-D Agency <br> ☐Other: |
| **Address:** 515 Post Oak Blvd, Ste 750 <br> **Telephone:** (713) 626-8880 | | **Additional Parties in Child Support Case:** |
| **City/State/Zip:** Houston, TX 77027 <br> **Fax:** (713) 626-8881 | **Defendant(s)/Respondent(s):** <br> Mid-Century Insurance Company | **Custodial Parent:** <br><br> **Non-Custodial Parent:** |
| **Signature:** /s/ Jeffrey G. Zane <br> **State Bar No:** 24095197 | *(Attach additional page as necessary to list all parties)* | **Presumed Father:** |

## 2. Indicate case type, or identify the most important issue in the case *(select only 1)*:

### Civil

**Contract**

*Debt/Contract*
- ☐Consumer/DTPA
- ☐Debt/Contract
- ☐Fraud/Misrepresentation
- ☐Other Debt/Contract:

*Foreclosure*
- ☐Home Equity—Expedited
- ☐Other Foreclosure
- ☐Franchise
- ☒Insurance
- ☐Landlord/Tenant
- ☐Non-Competition
- ☐Partnership
- ☐Other Contract:

**Injury or Damage**
- ☐Assault/Battery
- ☐Construction
- ☐Defamation
*Malpractice*
- ☐Accounting
- ☐Legal
- ☐Medical
- ☐Other Professional Liability:
- ☐Motor Vehicle Accident
- ☐Premises
*Product Liability*
- ☐Asbestos/Silica
- ☐Other Product Liability List Product:

- ☐Other Injury or Damage:

**Real Property**
- ☐Eminent Domain/ Condemnation
- ☐Partition
- ☐Quiet Title
- ☐Trespass to Try Title
- ☐Other Property:

**Related to Criminal Matters**
- ☐Expunction
- ☐Judgment Nisi
- ☐Non-Disclosure
- ☐Seizure/Forfeiture
- ☐Writ of Habeas Corpus— Pre-Indictment
- ☐Other:

### Family Law

**Post-Judgment Actions (non-Title IV-D)**
- ☐Enforcement
- ☐Modification—Custody
- ☐Modification—Other

**Marriage Relationship**
- ☐Annulment
- ☐Declare Marriage Void
*Divorce:*
- ☐With Children
- ☐No Children

**Title IV-D**
- ☐Enforcement/Modification
- ☐Paternity
- ☐Reciprocals (UIFSA)
- ☐Support Order

**Other Family Law**
- ☐Enforce Foreign Judgment
- ☐Habeas Corpus
- ☐Name Change
- ☐Protective Order
- ☐Removal of Disabilities of Minority
- ☐Other:

**Parent-Child Relationship**
- ☐Adoption/Adoption with Termination
- ☐Child Protection
- ☐Child Support
- ☐Custody or Visitation
- ☐Gestational Parenting
- ☐Grandparent Access
- ☐Parentage/Paternity
- ☐Termination of Parental Rights
- ☐Other Parent-Child:

**Employment**
- ☐Discrimination
- ☐Retaliation
- ☐Termination
- ☐Workers' Compensation
- ☐Other Employment:

**Other Civil**
- ☐Administrative Appeal
- ☐Antitrust/Unfair Competition
- ☐Code Violations
- ☐Foreign Judgment
- ☐Intellectual Property
- ☐Lawyer Discipline
- ☐Perpetuate Testimony
- ☐Securities/Stock
- ☐Tortious Interference
- ☐Other:

**Tax**
- ☐Tax Appraisal
- ☐Tax Delinquency
- ☐Other Tax

**Probate & Mental Health**

*Probate/Wills/Intestate Administration*
- ☐Dependent Administration
- ☐Independent Administration
- ☐Other Estate Proceedings
- ☐Guardianship—Adult
- ☐Guardianship—Minor
- ☐Mental Health
- ☐Other:

## 3. Indicate procedure or remedy, if applicable *(may select more than 1)*:
- ☐Appeal from Municipal or Justice Court
- ☐Arbitration-related
- ☐Attachment
- ☐Bill of Review
- ☐Certiorari
- ☐Class Action
- ☐Declaratory Judgment
- ☐Garnishment
- ☐Interpleader
- ☐License
- ☐Mandamus
- ☐Post-judgment
- ☐Prejudgment Remedy
- ☐Protective Order
- ☐Receiver
- ☐Sequestration
- ☐Temporary Restraining Order/Injunction
- ☐Turnover

## 4. Indicate damages sought *(do not select if it is a family law case)*:
- ☐Less than $100,000, including damages of any kind, penalties, costs, expenses, pre-judgment interest, and attorney fees
- ☐Less than $100,000 and non-monetary relief
- ☐Over $100, 000 but not more than $200,000
- ☐Over $200,000 but not more than $1,000,000
- ☒Over $1,000,000

PRIVATE PROCESS

Case Number: 2017-CI-16831

2017CI16831   S00002

8000 DEL DONORE HOA-8000 INC
VS.
MID-CENTURY INSURANCE COMPANY ET AL
(Note:Attached Document May Contain Additional Litigants.)

IN THE DISTRICT COURT
150th JUDICIAL DISTRICT
BEXAR COUNTY, TEXAS

## CITATION

"THE STATE OF TEXAS"

Directed To: MID-CENTURY INSURANCE COMPANY
BY SERVING ITS ATTORNEY FOR SERVICE, CHANDRA SPERRY



RECEIVED
NOV 0 3 2017
AUSP

"You have been sued. You may employ an attorney. If you or your attorney do not file a written answer with the clerk
who issued this citation by 10:00 a.m. on the Monday next following the expiration of twenty days after you were
served this CITATION and SECOND AMENDED PETITION , a default judgment may be taken against you." Said
SECOND AMENDED PETITION  was filed on the 18th day of October, 2017.

ISSUED UNDER MY HAND AND SEAL OF SAID COURT ON THIS 26TH DAY OF OCTOBER A.D., 2017.

JEFFREY G ZANE
ATTORNEY FOR PLAINTIFF
515 POST OAK BLVD 750
HOUSTON, TX 77027

Donna Kay McKinney
Bexar County District Clerk
101 W. Nueva, Suite 217
San Antonio, Texas 78205

By: Isaias Ibarra, Deputy

---

8000 DEL DONORE HOA-8000 INC
VS
MID-CENTURY INSURANCE COMPANY ET AL

**Officer's Return**

Case Number: 2017-CI-16831
Court: 150th Judicial District Court

I received this CITATION on the _15t_ day of _November_, 20_17_ at _1:00_ o'clock_P_M. and:( ) executed it by delivering a copy of the CITATION with attached
SECOND AMENDED PETITION  on the date of delivery endorsed on it to_____, in person on the _____ day
of_____, 20_____ at _____ o'clock____M. at_____ or  ( ' )  not   executed   because

Fees:_____ Badge/PPS #:_____ Date certification expires:_____

_____ County, Texas

By: _____

OR: VERIFICATION OF RETURN (If not served by a peace officer) SWORN TO THIS _____

_____ NOTARY PUBLIC, STATE OF TEXAS

OR: My name is _____, my date of birth is _____, and my address is
_____ County.

I declare under penalty of perjury that the foregoing is true and correct. Executed in _____ County, State of Texas, on
the _____ day of_____, 20____.



DELIVERED:
ON: 11 / 03 / 17
BY: ___ PSC 735
@: ___ am pm

Declarant

ORIGINAL (DK002)

FILED
10/18/2017 4:59 PM
Donna Kay McKinney
Bexar County District Clerk
Accepted By: Eneyda Contreras-Imperial

3 cits pps/ sac 2

CAUSE NO. 2017CI16831

| | | |
|---|---|---|
| **8000 DEL DONORE HOA-8000 INC.**<br>**PLAINTIFF** | §<br>§<br>§<br>§ | **IN THE DISTRICT COURT OF** |
| **vs.** | §<br>§ | **BEXAR COUNTY, TEXAS** |
| **MID-CENTURY INSURANCE**<br>**COMPANY; EFI GLOBAL, INC.;**<br>**DAVID AMORI,**<br>**DEFENDANTS** | §<br>§<br>§<br>§<br>§ | **150th JUDICIAL DISTRICT** |

## PLAINTIFF'S SECOND AMENDED PETITION

**TO THE HONORABLE JUDGE OF SAID COURT:**

COMES NOW, **8000 DEL DONORE HOA-8000 INC.** (hereinafter, referred to as Plaintiff), and files this, its **Second Amended Petition**, and for causes of action against **MID-CENTURY INSURANCE COMPANY ("MID-CENTURY"); EFI GLOBAL, INC.** ("EFI") and **DAVID AMORI** (collectively, "Defendants"), would show unto the Court and the jury the following:

### A.    DISCOVERY CONTROL PLAN

1.    Plaintiff intends to conduct discovery under **Level 3** of Tex.R.Civ.P.190. This case involves complex issues and will require extensive discovery. Therefore, Plaintiff will ask the Court to order that discovery be conducted in accordance with a discovery control plan tailored to the particular circumstances of this suit.

### B.    PARTIES AND SERVICE OF PROCESS

2.    Plaintiff owns the property that is the subject of this lawsuit and is situated at 8000 Donore Place, San Antonio, **Bexar** County, Texas 78229 (the "Property").

3.    Defendant **MID-CENTURY** is a California insurance company engaging in the business of insurance in the State of Texas. This defendant may be served with

1

personal process, by a process server, by serving its **Attorney for Service, Chandra Sperry, 15700 Long Vista Drive, Austin, Texas 78728-3822.**

4.     Defendant **EFI** is a Delaware corporation conducting business in the State of Texas. This defendant may be served with personal process by a process server at **CSC Corporation, 211 E. 7TH STREET SUITE 620 AUSTIN, TX 78701.**

5.     Defendant **DAVID AMORI** is a Texas resident employed by **EFI** in the State of Texas. This defendant may be served with personal process by a process server at **500 Sandau Rd # 300, San Antonio, TX 78216.**

## C.     JURISDICTION

6.     The Court has jurisdiction over the cause of action because the amount in controversy is within the jurisdictional limits of the Court. Plaintiff is seeking monetary relief over $1,000,000. Plaintiff reserves the right to amend his petition during and/or after the discovery process.

7.     The Court has jurisdiction over **MID-CENTURY**, because this defendant engages in the business of insurance in the state of Texas and the causes of action arise out of this defendant's business activities in the state of Texas.

8.     The Court has jurisdiction over **EFI** because this defendant engages in the business of investigating insurance claims in the State of Texas, and Plaintiff's causes of action arise out of this defendant's business activities in the State of Texas.

9.     Court has jurisdiction over **DAVID AMORI** because this defendant resides and primarily works in the State of Texas, and Plaintiff's causes of action arise out of these defendants' business activities in the State of Texas.

## D.     VENUE

10.     Venue for this suit for breach of a written contract is permissive in Bexar

2

11.     County under Texas Civil Practice & Remedies Code section 15.035(a) because this county was identified as the county wherein the insured property is located and the place for an obligation under the contract to be performed pursuant to the first party property insurance contract referenced herein.

## E. FACTS

12.     This lawsuit arises out of the following transactions, acts, omissions, and/or events.

13.     The Plaintiff is a condominium owner's association for the Property, which is a condominium complex located at 8000 Donore Place, San Antonio, Texas 78229.

14.     The Property purchased a property insurance policy with **MID-CENTURY** pursuant to Policy Number: 0605507458 (the "Policy"), which was in effect at all relevant times.

15.     The Plaintiff's Property was severely damaged by a windstorm/hailstorm occurring on April 12, 2016.

16.     Plaintiffs submitted a claim to **MID-CENTURY** pursuant to the Policy for damages as a result of the hailstorm.

17.     **MID-CENTURY** acknowledged Plaintiff's claim and assigned a claim number of **3005985142-1-1.**

18.     On or about May 3, 2016, **MID-CENTURY's** adjuster, Joe Bartlett, inspected the Property but did not look at the Property's roofs.

19.     On or about May 6, 2016, Mr. Bartlett inspected the Property with **AMORI** and John Cook, on behalf of **ESI.** Cook operated as **EFI's** Project Manager on the claim, and **AMORI** operated as **EFI's** engineer.

3

20.     Despite obvious new damage to the Property's roof, **MID-CENTURY** and **EFI** refused to acknowledge new windstorm/hailstorm damage.

21.     On or about May 13, 2016, **AMORI** prepared a Roof Evaluation Report with regard to the Claim.  In the report, **EFI** incorrectly alleged that the Property had been struck by hail of less than .75 inches.  The **EFI** report concluded that "storm related damage to the roof was not observed at the subject Property."  The Roof Evaluation Report did not represent a reasonable analysis of the damage that the Property had suffered, but was instead an intentional misrepresentation of the Property's condition in an attempt to evade payment by **MID-CENTURY** for the claim.

22.     **MID-CENTURY** used this report as justification to refuse payment of the insurance claim in bad faith.

23.     On or about August 22, 2016, in light of **MID-CENTURY**'s failure to properly pay the claim, Plaintiff was compelled to retain Crossroads Insurance Recovery to assist with the claim.

24.     On or about August 24, 2016, Crossroads Insurance Recovery first inspected the Property. Crossroads conducted several follow up inspections on September 8, 2016, and September 9, 2016, and October 25, 2016.

25.     On or about October 4, 2016, Gary Neal from Crossroads Insurance Recovery, on behalf of Plaintiffs, submitted a letter of representation to **MID-CENTURY** and requested a re-inspection of the Property.  After several attempts to persuade Mr. Barlett to attend the required re-inspection, Mr. Barlett finally agreed to attend the re-inspection on October 21, 2016.

26.     On or about October 27, 2016, Mr. Neal of Crossroads Insurance Recovery along with Cook, **AMORI** and Mr. Bartlett, re-inspected the Property.

4

27.     On or about November 15, 2016, Mr. Bartlett sent a letter to Crossroads Insurance Recovery in which **MID-CENTURY** refused to revise its initial opinion.

28.     **MID-CENTURY**'s refusal to revise its opinion was aided and abetted by a "Roof Evaluation Supplemental Report" dated November 9, 2017, that was prepared by **AMORI**.

29.     On April 14, 2017, Gary Neal completed his final estimate on the Property in the amount of $4,009,292.98 (before the applicable deductible).

30.     Based on the improper, inadequate, and incomplete investigation of **EFI**, **MID-CENTURY** estimated Plaintiff's damages at zero dollars.

31.     The claims were not handled for the benefit of the Plaintiff, failed to accomplish the goal of fairly and promptly adjusting the claims, did not adhere to the highest degree of ethical conduct, and material facts, information, and evidence was intentionally concealed despite the fact that the claims were denied based upon the investigation and conclusions that is being concealed.   The conduct exhibited by Defendants flies in the face of the public trust and deliberately ignores the responsibility and duty entrusted to the respective parties named herein.

32.     As of this date, **MID-CENTURY** has failed to pay for the covered storm damages to Plaintiff's Property, and instead purportedly relies on the bad faith opinions prepared and advanced by **EFI** and **AMORI** to decline coverage in bad faith.

33.     Plaintiff has attempted on numerous occasions to obtain full and complete payment for covered losses pursuant to the **MID-CENTURY** insurance policy.

34.     Defendants, acting individually or through their agents, servants, representatives and employees has failed to properly investigate, evaluate and adjust

Plaintiff's claim for benefits in good faith and has further failed to deal fairly with Plaintiff.

35.     Defendants have failed and refused to evaluate the information surrounding facts regarding Plaintiff's covered claim, choosing instead to hide behind palpably incorrect assumptions and conclusions of its agents, employees or consultants.

36.     Defendants failed or refused and continue to fail or refuse to pay covered claim on a timely basis as required by the insurance contract and as required by the Texas Insurance Code. Instead, **MID-CENTURY** has wrongfully delayed or denied claims when liability for coverage under the policy was reasonably clear.

37.     In contrast, Plaintiff has cooperated with every request made by **MID-CENTURY** and has displayed, at reasonable times, all of its relevant records, documents, buildings and contents that are subject of this catastrophic loss.

38.     **MID-CENTURY** has persisted in delay or denial to pay the full amounts due for Plaintiff's claim even though a person of ordinary prudence and care would have done otherwise.

39.     No reasonable basis exists for **MID-CENTURY** to delay and/or refuse to provide covered benefits due and owing under the insurance policy in question.

40.     **MID-CENTURY** have misrepresented to Plaintiff that the damages to the Property were not due to the covered perils from the storm April 12, 2016, even though the damages were caused by covered perils.

41.     **MID-CENTURY** failed to make an attempt to settle the claims in a fair manner, although **MID-CENTURY** was aware of the liability to the Plaintiff under the policy in violation of Texas Unfair Competition and Unfair Practices Act. Tex. Ins. Code Sec.541§060(2).

6

42.     **MID-CENTURY** refused and/or failed to properly evaluate the obvious damages to Plaintiff's Property, forcing the Plaintiff to hire its own experts and incur additional expenses.

43.     **MID-CENTURY** after conducting inspections of the damaged insured Property and after having received Plaintiff's information regarding the damages, refused and/or failed to pay undisputed monies/funds owed to Plaintiff.

44.     **MID-CENTURY** refused to fully compensate Plaintiff, under the terms of the policy and failed to conduct a reasonable investigation, in violation of the *Texas Unfair Competition and Unfair Practices Act.* Tex. Ins. Code Section 541.060(7).

45.     Defendants performed an outcome-oriented investigation of Plaintiff's claims, which resulted in a biased, unfair and inequitable evaluation of Plaintiff's losses on the Property.   Defendants' conduct constitutes violations of the *Texas Unfair Competition and Unfair Practices Act.* Tex. Ins. Code Section 541.060(7).

46.     **MID-CENTURY** failed to meet its obligations under the Texas Insurance Code regarding payment of claims without delay.  Specifically, **MID-CENTURY** has delayed full payment of Plaintiff's claims longer than allowed and to date Plaintiff has not yet received full payment for the claims. **MID-CENTURY** is in violation of the *Texas Prompt Payment of Claims Act.* Tex. Ins. Code. Section 542.055.

47.     From and after the time Plaintiff's claims were presented to **MID-CENTURY**, the liability of **MID-CENTURY** to pay the full claims in accordance with the terms of the policy has been reasonably clear.  However, **MID-CENTURY** has refused to pay Plaintiff in full, despite there being no basis whatsoever on which a reasonable insurance company would have relied on to deny the full payment.

Defendant's conduct constitutes a breach of the common law duty of good faith and fair dealing.

48.    As a result of Defendants' acts and omissions, Plaintiff was forced to retain the undersigned attorney who is representing Plaintiff in this cause of action.

49.    Plaintiff's experience is not an isolated case.  The acts and omissions committed by Defendants in this case, or similar acts and omissions, occur with such frequency that they constitute a general business practice of Defendant with regard to handling these types of claims.    In particular, **MID-CENTURY's** entire process is unfairly designed to reach favorable outcomes for the insurance company at the expense of the policyholders.

## F.  CAUSES OF ACTION AGAINST DEFENDANT, MID-CENTURY - COUNT I - BREACH OF CONTRACT

50.    Plaintiff incorporates the prior paragraphs as though fully stated herein.

51.    On December 31, 2015, Plaintiff and Defendant **MID-CENTURY** executed a valid and enforceable written insurance contract providing insurance coverage to the insured location at 8000 Donore Pl, San Antonio, Texas 78229 from the peril of windstorm and hailstorm among other perils (the "Policy").  **MID-CENTURY** has a complete copy of the policy in its possession.

52.    All damages and loss to Plaintiff's Property were caused by a direct result of a peril for which Plaintiff insured pursuant to the policy herein, windstorm/hail storm damage.

53.    **MID-CENTURY** sold this policy insuring the Property in its "as is" condition, insuring the Property that is the subject of this lawsuit to Plaintiff.

54.     Plaintiff suffered a significant loss with respect to the Property at issue and additional expenses as a result of the windstorm/ hailstorm damage.

55.     Plaintiff submitted a claim to **MID-CENTURY** pursuant to the contract of insurance for damages as a result of the windstorm / hailstorm damage.

56.     Plaintiff provided **MID-CENTURY** with proper notice of damage to the exterior and interior of the insured Property.

57.     **MID-CENTURY** ignored the information provided by the public adjuster and chose simply to only rely on its own consultants, because it had retained **EFI** for the purpose of ensuring a biased and unfair evaluation.

58.     **MID-CENTURY** failed to properly evaluate the damages resulting from the covered cause of loss, a windstorm / hailstorm.

59.     **MID-CENTURY** failed to retain the appropriate experts and/or consultants to evaluate the windstorm/ hailstorm damages to the subject Property.

60.     As of this date, **MID-CENTURY** has failed to pay for the windstorm/ hailstorm damages to Plaintiff's Property.

61.     Plaintiff has attempted on numerous occasions to obtain full and complete payment for covered losses pursuant to the **MID-CENTURY**, insurance policy.

62.     **MID-CENTURY** acting through its agents, servants, representatives and employees have failed to properly investigate, evaluate and adjust Plaintiff's claims for benefits in good faith and have further failed to deal fairly with Plaintiff.

63.     **MID-CENTURY** has failed and refused to evaluate the information surrounding facts regarding Plaintiff's covered claim, choosing instead to hide behind palpably incorrect assumptions and conclusions of its agents, employees or consultants, including but not limited to **EFI** and **AMORI**.

9

## COUNT II - VIOLATIONS OF THE TEXAS UNFAIR
## CLAIMS PRACTICES ACT

64.    Plaintiff incorporates the prior paragraphs as though fully stated herein.

65.    **MID-CENTURY** is an entity that is required to comply with Tex. Ins. Code Sections 541.051; 541.060; 541.061; and 541.151. **MID-CENTURY's** conduct constitutes multiple violations of the *Texas Unfair Compensation and Unfair Practices Act.* Tex. Ins., up to and including "refusing to pay a claim without conducting a reasonable investigation with respect to the claim."

66.    **MID-CENTURY** misrepresented the insurance policy to the Plaintiff by, among other things, stating that the damage it suffered in the storm is not covered and is in violation of Tex. Ins. Code Sec. 541.061 *et seq.*

(1) making an untrue statement of material fact;

(2) failing to state a material fact necessary to make other statements made not misleading, considering the circumstances under which the statements were made;

(3) making a statement in a manner that would mislead a reasonably prudent person to a false conclusion of a material fact;

(4) making a material misstatement of law; or

(5) failing to disclose a matter required by law to be disclosed, including failing to make a disclosure in accordance with another provision of this code.

67.    **MID-CENTURY's** unfair settlement practice, as described above, of failing to attempt in good faith to effectuate a prompt, fair, and equitable settlement of the claims, even though Defendant's liability under the policy was reasonably clear, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. Tex. Ins. Code Sections 541.051, 541.060 and 541.061.

## COUNT III - NON-COMPLIANCE WITH TEXAS INSURANCE CODE
## CHAPTER 542: "THE PROMPT PAYMENT OF CLAIMS ACT"

68.     Plaintiff incorporates the prior paragraphs as though fully stated herein.

69.     **MID-CENTURY**'s conduct constitutes multiple violations of the Texas Prompt Payment of Claims Act. Tex. Ins. Code Chapter 542. All violations made under this article are made actionable by Tex. Ins. Code Section 542.060.

70.     By accepting insurance premiums but refusing without a reasonable basis to pay benefits due and owing, **MID-CENTURY** has engaged in an unconscionable action or course of action as prohibited by the DTPA sec. 17.50(a)(1)(3) in that **MID-CENTURY** took advantage of Plaintiff's lack of knowledge, ability, experience, and capacity to a grossly unfair degree, that also resulted in a gross disparity between the consideration paid in the transaction and the value received, in violation of Chap. 541, Texas Insurance Code.

## COUNT IV - BREACH OF COMMON LAW
## DUTY OF GOOD FAITH AND FAIR DEALING

71.     Plaintiff incorporates the prior paragraphs as though fully stated herein.

72.     **MID-CENTURY**'s conduct, as specifically described above, constitutes a breach of the common law duty of good faith and fair dealing owed to Plaintiff pursuant to the insurance contract.

73.     **MID-CENTURY**'s conduct, as described above, was in direct contradiction of the applicable industry standards of good faith and fair dealing.

74.     **MID-CENTURY**'s failure as described above, to adequately and reasonably investigate, evaluate, and pay the benefits owed under the insurance contract, knowing full well through the exercise of reasonable diligence that its liability was reasonably clear, resulted in a breach of the duty of good faith and fair dealing.

11

### G.     CAUSES OF ACTION AGAINST AMORI AND EFI
## COUNT V – AIDING AND ABETTING VIOLATIONS OF THE TEXAS UNFAIR CLAIMS PRACTICES ACT

75.     Plaintiff incorporates the prior paragraphs as though fully stated herein.

76.     With respect to the events giving rise to this lawsuit, at various times and in various ways, **EFI** and **AMORI**, acting with the necessary scienter, substantially assisted **MID-CENTURY** in a tortious breach of the duties owed to Plaintiff under the applicable contract of insurance, and under general legal principles.

77.     In part, **EFI** and **AMORI** aided and abetted **MID-CENTURY** by failing to reasonably inspect the Property, including employing unreasonable conclusions with regard to the hail storm and refusing to differentiate between old and new damage.  In doing so, **EFI** and **AMORI** knew that they were substantially assisting **MID-CENTURY** in a breach of the duties owed to Plaintiff and/or they acted in an egregious and reckless fashion in doing so.

78.     **EFI** and **AMORI** knew that the conduct of **MID-CENTURY**, including the efforts to find no coverage for a valid and proper claim based on recent damages, constituted a breach of the duties owed to Plaintiff by **MID-CENTURY**, and/or they acted in an egregious and reckless fashion.

79.     **AMORI**'s report was a substantial factor in **MID-CENTURY**'s bad faith, because **MID-CENTURY** claimed to have relied on the conclusions reached by **EFI** and **AMORI** in refusing to issue payment for Plaintiff's claim.

80.     **EFI** and **AMORI** provided substantial assistance to **MID-CENTURY** so as to enable **MID-CENTURY** to commit the breach of its duties.

81.     As a result of **EFI** and **AMORI**'s aiding and abetting **MID-CENTURY**'s bad faith, Plaintiff has suffered damage in the form of an unpaid insurance claim.

12

82.     EFI and AMORI's liability is described in the Certificate of Merit, which is attached and incorporated into this Petition as **Exhibit A**, pursuant to Section 150.002 of the Texas Civil Practice and Remedies Code.

## CAUSES OF ACTION AGAINST ALL DEFENDANTS
## COUNT VI – CIVIL CONSPIRACY TO VIOLATE THE TEXAS UNFAIR
## CLAIMS PRACTICES ACT

83.     Plaintiff incorporates the prior paragraphs as though fully stated herein.

84.     With respect to the events giving rise to this lawsuit, at various times and in various ways, Defendants intentionally coordinated for the purpose of engaging in unfair claims handling practices in violation of Tex. Ins. Code Sections 541.051; 541.060; 541.061; and 541.151.

85.     Defendants reached a common plan that was carried out in the form of the Roof Evaluation Report prepared by **AMORI** and **EFI** on May 13, 2016, which **MID-CENTURY** relied upon in denying Plaintiff's claim in bad faith.

86.     As a proximate result of Defendants' conspiracy, Plaintiff suffered damage in the form of an unfairly and improperly rejected insurance claim.

### H.     KNOWLEDGE AND INTENT

87.     Each of the acts described above, together and singularly, was done "knowingly" and "intentionally" and was a producing cause of Plaintiff's damages described herein.

### I.     DAMAGES AND PRAYER

88.     **WHEREFORE, PREMISES CONSIDERED,** Plaintiff herein, complains of Defendants and prays that Defendants be cited to appear and answer, and that on a final trial on the merits, Plaintiff recovers from Defendants the following:

13

89.     Plaintiff would show that all of the aforementioned acts, taken together or singularly, constitute the proximate and/or producing causes of damages sustained by Plaintiff.

90.     For breach of contract by Defendant **MID-CENTURY**. Plaintiff is entitled to regain the benefit of its bargain, Plaintiff is entitled to actual damages, which include the loss of the benefits that should have been paid pursuant to the policy, together with attorney's fees, Pursuant to Tex. Civ. & Rem. Code Sec. 38.01 *et seq*.

91.     For noncompliance with the Texas Unfair Competition and Unfair Practices Act by **MID-CENTURY**, Plaintiff is entitled to actual damages, which includes the loss of the benefits that should have been paid pursuant to the policy, including but not limited to direct and indirect consequential damages, mental anguish, court costs and attorney's fees. For knowing conduct of the acts complained of, Plaintiff asks for **three (3) times** its actual damages, Pursuant to Tex. Ins. Code Ann. Section 541.152 *et seq*.

92.     For violation of the Texas Deceptive Trade Practices Act by **MID-CENTURY**, Plaintiff is entitled to actual damages, which includes the loss of the benefits that should have been paid pursuant to the policy, including but not limited to direct and indirect consequential damages, court costs and attorney's fees. For knowing conduct of the acts complained of, Plaintiff asks for **three (3)** times its actual damages, Pursuant to Tex. Ins. Code Ann. Section 17.50(b)(1).

93.     For aiding and abetting violations of the Texas Unfair Claims Practices Act by **EFI** and **AMORI**, Plaintiff is entitled to actual damages, which includes the loss of the benefits that should have been paid pursuant to the policy, including but not limited to direct and indirect consequential damages, court costs and attorney's fees.

14

94.     For engaging in a conspiracy to violate the Texas Unfair Claims Practices Act by all Defendants, Plaintiff is entitled to actual damages, which includes the loss of the benefits that should have been paid pursuant to the policy, including but not limited to direct and indirect consequential damages, court costs and attorney's fees.

95.     In order to punish **MID-CENTURY** and to set an example and thereby prevent other policyholders from being treated in this manner, exemplary damages should be awarded.   Accordingly, Plaintiff seeks exemplary damages in an amount the jury deems appropriate to accomplish these goals.

96.     For violation of the Common Law Duty of Good Faith and Fair Dealing by Defendant, **MID-CENTURY,** Plaintiff is entitled to actual Damages, direct and indirect consequential damages, mental anguish, and exemplary damages.

### J.     **JURY DEMAND**

97.     Plaintiff respectfully demands a **trial by jury**.

### K.     **REQUEST FOR DISCLOSURE**

98.     Pursuant to Rule 194, you are requested to disclose, within **fifty (50)** days of service of this request, the information or material requested in Rule 194.2(a)-(l).

Respectfully submitted,

**The Merlin Law Group**

By:     _/s/ Jeffrey G. Zane_
        **Jeffrey G. Zane, Esq.**
        State Bar No. 24095197
        jzane@merlinlawgroup.com
        515 Post Oak Blvd., Suite 750
        Houston, Texas 77027
        Telephone: (713) 626-8880
        Facsimile: (713) 626-8881

**ATTORNEY FOR PLAINTIFF**

15

# EXHIBIT A

## CERTIFICATE OF MERIT AFFIDAVIT OF ROBERT L. WRIGHT PURSUANT TO TEX.CIV.PRAC.&REM. CODE CHAPTER 150

STATE OF TEXAS

COUNTY OF HARRIS

BEFORE ME, the undersigned authority, on this day personally appeared Robert L. Wright. After being duly sworn, he stated that he has read this affidavit, has personal knowledge of the factual statements contained herein, and that such factual statements are true and correct.

1.      My name is Robert L. Wright and I am over eighteen years of age and have never been convicted of a felony and am fully capable of making this Affidavit in all respects.   I am personally familiar with and have knowledge of the facts contained herein and they are all true and correct.

2.      I hold a Bachelor of Science in Engineering from the University of South Carolina.  I am a registered Professional Engineer in the State of Texas, as well as 10 other states. My Texas professional engineering registration number is 68048 and Firm Registration number is 6640.  I have 37 years of experience in designing commercial and military structures, and performing forensic evaluations on commercial and residential structures throughout the country.  I have been involved in the forensic engineering community for over two decades reviewing forensic engineering reports and collaborating with colleagues.

3.      I am the owner of Robert L. Wright & Associates, Inc., a structural engineering firm focusing on forensic and design engineering.

4.      I have reviewed the May 13, 2016, EFI Global, Inc. report by David P. Amori, PE, RRC, entitled "Roof Evaluation Report."  I have also conducted a personal inspection of the subject property from July 17 to July 19, 2017.

5.      Based on education and professional experience, I have personal knowledge of the acceptable standards for the practice of engineering in the State of Texas, including the standards applicable to the engineering tasks that EFI Global, Inc., and David P. Amori, performed or agreed to perform.  I am knowledgeable in the area of practice performed by EFI Global, Inc. and David P. Amori, which included analysis of wind and/or hail damage to property, including causation.

6.      Based on information and belief, my review of his report, EFI Global and David P. Amori were to examine the subject property as a result of a thunderstorm and hail event and provide a complete report of the examination of the property.  Mr. Amori inspected the subject property on May 6, 2016.

7.      On page 5 of his Roof Evaluation Report, Mr. Amori wrote:

The concrete tiles and other roof components were undamaged indicating the relative severity of the hail. [ . . . ] Several tiles were observed with fractured corners (Photo 3); however, the fractures were not associated with splatter marks.  Photographs 14 through 16 illustrate that these corner fractures are indicative of a long-term condition.

T1757197.DOCX;1

8.      Mr. Amori concluded on page 6 of the same Report that "Evidence that the property was exposed to hail or wind of the magnitude that would cause functional damage to the roof system was not found."

9.      Mr. Amori uses the term "Functional Damage" which is not a named exclusion in the policy. The term "Functional Damage" fails to recognize the fact that damage has occurred to the roofing system causing both a reduction in the useful life of the roofing system and a reduction in value of the overall properties.

10.     I have reviewed the same property inspected by Mr. Amori, during an inspection over the course of three days. During my own inspection, and as is described in my own report, I located significant recent damage to the property's concrete tiles caused by wind and hail, including over 2,900 examples of fractures not related to a "long-term condition." Based on my personal review of the property damage, it is my opinion that Mr. Amori's conclusion cannot be the result of a good faith inspection or adherence to standards of care for engineering in the State of Texas.

11.     Based on Mr. Amori's unreasonable performance of his duties as a professional engineer, it is my opinion, based on my knowledge, skill, experience, engineering, training and engineering practice that Mr. Amori intentionally and/or negligently failed to include recent damage to the property caused by recent storm activity that reasonably should have been obvious to him.

12.     Based upon my understanding of the facts involved in this matter, and in particular based on my review of Mr. Amori's report and my own inspection of the subject property, there exists a reasonable probability that Mr. Amori intentionally failed to observe or failed to report damage to the subject property for the purpose of assisting Farmers Insurance to deny the policyholder's claim.

13.     This affidavit is not intended to be an all-inclusive list of each error, omission, or negligent act of EFI Global, Inc. or David P. Amori. It is intended only to comply with the applicable Certificate of Merit statutes, if any. I reserve my right to amend my professional opinions and to form additional ones as more information becomes available to me.

FURTHER AFFIANT SAYETH NOT.

_____
Robert L. Wright, PE


Subscribed and sworn to before me this 13th day of October, 2017.


_____
Notary Public, State of Texas

My Commission Expires: November 2, 2019


BRENDA GRIMALDO CORTINAS
Notary Public, State of Texas
Comm. Expires 11/02/2019
Notary ID 128417471

T1757197.DOCX;1



## FACSIMILE

**909 Fannin Street, Suite 3300**

Houston      Texa   77010

| | |
|---|---|
| Telephone #: | 713.353.2046 |
| Facsimile  #: | 713.785.7780 |

---

The following facsimile has   6   pages including this cover page.  If you have any difficulty, or if the transmission was incomplete, please advise.

---

From:   Michelle Cochran          Date:      11/27/17     at:  10:48:28 AM

Attorney #:

Re:    8000 Del Donore HOA - 8000 Inc.

To:     '7135808910@fax.wilsonelser.com'

        7135808910

---

**PLEASE DELIVER TO:**
Jeffrey G. Zane
515 Post Oak Blvd., Suite 750
Houston, Texas 77027

Scot G. Doyen
Christiane (C.I.) Chambers
450 Gears Road #350
Houston, Texas 77067

**PLEASE FIND ATTACHED:**
- *EFI Global Inc. and David Amori's Original Answer and Special Exceptions*

Thank you,

Michelle D. Cochran
Legal Secretary
Wilson Elser Moskowitz Edelman & Dicker LLP
909 Fannin Street, Suite 3300
Houston, Texas 77010
713.353.2046 (Direct)
713.353.2000 (Main)
713.785.7780 (Fax)
michelle.cochran@wilsonelser.com

This message is intended only for the use of the individual or entity to which it is addressed and may contain information that is privileged, confidential and exempt from disclosure under applicable law.  If the reader of this message is not the intended recipient or the employee or agent responsible for delivering the message to the intended recipient, you are hereby notified that any dissemination, distribution or copying of this communcation is strictly prohibited.  If you have received this communication in error, please notify us immediately by telephone, and return the original message to us via postal service.  Thank you

---

Albany  •  Austin  •  Baltimore  •  Beaumont  •  Boston  •  Chicago  •  Dallas  •  Denver  •  Edwardsville  •  Garden City  •  Hartford  •  Houston  •  Kentucky  •  Las Vegas  •  London
Los Angeles  •  Miami  •  Michigan  •  Milwaukee  •  New Jersey  •  New Orleans  •  New York  •  Orlando  •  Philadelphia  •  San Diego  •  San Francisco  •  Stamford  •  Virginia
Washington, DC  •  West Palm Beach  •  White Plains

**wilsonelser.com**

Cause No. 2017-CI-16831

| | | |
|---|---|---|
| 8000 Del Donore HOA- 8000 Inc.. | § | IN THE DISTRICT COURT OF |
| | § | |
| | § | |
| Plaintiff | § | |
| | § | BEXAR COUNTY, TEXAS |
| v. | § | |
| | § | |
| | § | |
| | § | |
| MID-CENTURY INSURANCE | § | |
| COMPANY; EFI GLOBAL, INC; | § | |
| DAVID AMORI | § | |
| Defendants. | § | 150TH JUDICIAL DISTRICT |

## EFI GLOBAL INC. AND DAVID AMORI'S ORIGINAL ANSWER AND SPECIAL EXCEPTIONS

TO THE HONORABLE JUDGE OF SAID COURT:

COME NOW, Defendants EFI GLOBAL INC. ("EFI") and DAVID AMORI ("Amori") (collectively "Engineering Defendants") and file and serves this, their Original Answer and Special Exceptions to Plaintiff's Second Amended Petition, and would respectfully show the Court and jury as follows:

I.

The Engineering Defendants specially except to Plaintiff's Second Amended Petition in its entirety because it fails to state a claim upon which relief can be granted as to the Engineering Defendants and should be dismissed with prejudice. In this regard, the Engineering Defendants would show that they are an engineering firm and a Registered Professional Engineer respectively, not an adjuster or an adjusting firm. They are not engaged in the business of insurance or in the adjustment of insurance claims. Defendant Amori was retained by Mid-Century Insurance Company as part of its investigation into Plaintiff's claim to inspect the

Plaintiff's premises and to prepare a report concerning the cause of damage to the roofs at Plaintiff's premises, which he provided to Mid-Century for its sole and exclusive use and consideration. He made no effort to determine coverage for Plaintiff's claim or to make any decision about what, if anything, should be paid to Plaintiff. Moreover, the Engineering Defendants have no relationship to Plaintiff and were not retained by Plaintiff to perform any service for it. Consequently, Plaintiff has no cognizable cause of action against the Engineering Defendants because they owed no legal duty to Plaintiff. See *Dagley v. Haag Engineering,* 18 S.W.3d 787, 791-93 (Tex. App. - Houston [14th Dist.] 2000, no pet.); *Nitzsche v. Teams of Texas,* 2007 Tex. App. LEXIS 2406, (Tex. App. – Houston [14th Dist.] 2007); *Sears Roebuck & Co. v. ACM Engineering & Environmental Services Co.,* 2012 Tex. App. LEXIS 2605 (Tex. App. – Houston [14th Dist.] 2012); *Muniz v. State Farm Lloyds,* 974 S.W. 2d 229 (Tex. App. – San Antonio 1998). Moreover, Plaintiff's "aiding and abetting" theory has never been recognized as being applicable to an insurer's consulting expert much less adopted by the Texas Supreme Court. To the contrary, in the one case where the Texas Supreme Court considered but did not adopt the cause of action it indicated that such torts were generally reserved for "highly dangerous, deviant, or anti-social group activity which was likely to cause serious injury or death to a person or certain harm to a large number of people." *Juhl v. Arrington,* 936 S.W. 2d 640, 645 (Tex. 1996). Such cases typically involve behaviour such as drag racing, group assault, reckless driving, and assisting a driver in becoming intoxicated. *Id. at 644-645.* Obviously this case does not fit that description. Consequently, Plaintiff's claims should be dismissed as to the Engineering Defendants and it should be ordered to replead accordingly.

II.

Subject to such stipulations as may hereafter be made, Defendants EFI and Amori asserts a general denial as is authorized by Rule 92 of the Texas Rules of Civil Procedure, and respectfully request that Plaintiff be required to prove its charges and allegations against them by a preponderance of the evidence as is required by the Constitution and laws of the State of Texas.

III.

Pleading further, and in the alternative, the Engineering Defendants state that the occurrence in question as well as the damages complained of herein were caused, in whole or in part, by the acts, omissions, fault, negligence, responsibility or other conduct on the part of Plaintiff. By reason thereof, the Engineering Defendants state that their legal liability herein, if any, is as prescribed under the provisions of the TEXAS CIVIL PRACTICE & REMEDIES CODE, § 33.001 *et seq.*

IV.

Pleading further, and in the alternative, the Engineering Defendants assert that the incident and damages made the basis of this suit were caused by the negligence or fault of third-parties for whom they are not legally responsible.

V.

Pleading further, and in the alternative, the Engineering Defendants assert that Plaintiff's claims are barred because of its failure to mitigate damages.

VI.

Pleading further, and in the alternative, the Engineering Defendants state that discovery in this case may show that the matters and events which are the subject of this lawsuit were the result of new, independent, superseding and/or intervening causes.

VII.

Pleading further, and in the alternative, the Engineering Defendants would show that to the extent that Plaintiff has been paid on its claim, they are entitled to a credit as to all payments made to Plaintiff by Mid-Century Insurance Company ("Mid-Century").

VIII.

Pleading further, and in the alternative, the Engineering Defendants would show that the damages complained of by Plaintiff were the result of risks that were either not insured against or were expressly excluded from coverage under the insurance policy issued by Mid-Century and made the basis of this suit.

IX.

Pleading further, and in the alternative, the Engineering Defendants plead that in the unlikely event they are found liable to the Plaintiff herein, any such liability being expressly denied, they are entitled to contribution, credit and/or indemnity, as provided by the laws and statutes of the State of Texas, including, but not limited to the provisions of Chapters 32 and 33 of the TEXAS CIVIL PRACTICE & REMEDIES CODE, as well as other applicable laws and statutes.

WHEREFORE, PREMISES CONSIDERED, Defendants, EFI GLOBAL INC. and DAVID AMORI pray Plaintiff take nothing by reason of this suit and that Defendant be allowed to go hence without delay and recover all costs. Defendant further prays for all such other and further relief, general and special, at law and in equity, to which it may show itself to be justly entitled.

Respectfully submitted,

**WILSON, ELSER, MOSKOWITZ, EDELMAN & DICKER, LLP.**

/s/ Jeffrey L. Hoffman
Jeffrey L. Hoffman
Texas State Bar No. 09781770
Jeff.hoffman@wilsonelser.com
909 Fannin, Suite 3300
Houston, Texas 77010-1011
(713) 353-2000
(713) 785-7780 – Fax

**ATTORNEYS FOR DEFENDANTS EFI GLOBAL, INC. and DAVID AMORI**

### CERTIFICATE OF SERVICE

I certify that a copy of the foregoing was served under Rules 21 and 21a, Texas Rules of Civil Procedure, by E-File, Hand Delivery, Certified Mail, Return Receipt Requested, regular mail and/or facsimile, on the 27th day of November, 2017, upon the following counsel of record:

Jeffrey G. Zane
The Merlin Law Group
515 Post Oak Blvd., Suite 750
Houston, Texas 77027

Scot G. Doyen
Christiane (C.J.) Chambers
450 Gears Road #350
Houston, Texas 77067

/s/ Jeffrey L. Hoffman
Jeffrey L. Hoffman

FILED
11/27/2017 11:11 AM
Donna Kay McKinney
Bexar County District Clerk
Accepted By: Ruby Barron

CAUSE NO. 2017CI16831

| | | |
|---|---|---|
| 8000 DEL DONORE HOA-8000 INC | § | IN THE DISTRICT COURT OF |
| Plaintiff | § | |
| | § | |
| v. | § | BEXAR COUNTY, TEXAS |
| | § | |
| MID-CENTURY INSURANCE | § | |
| COMPANY; EFI GLOBAL, INC; | § | |
| DAVID AMORI | § | |
| Defendants | § | 150th JUDICIAL DISTRICT |

## DEFENDANT MID CENTURY INSURANCE COMPANY'S ORIGINAL ANSWER

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, MID CENTURY INSURANCE COMPANY, hereinafter "Defendant," and files this, its Original Answer to Plaintiff, 8000 Del Donore HOA-8000 Inc's Original Petition, and for cause, would respectfully show the Court the following:

### I.
### GENERAL DENIAL

1.  Pursuant to the provision of Rule 92 of the Texas Rules of Civil Procedure, Defendant generally denies each and every, singular and all of the allegations contained in Plaintiff's petition, says that the allegations contained therein are not true, either in whole or in part, and demands strict proof thereof. Defendant further reserves the right to amend its answer at a future date in accordance with the Texas Rules of Civil Procedure.

### PRAYER

WHEREFORE, PREMISES CONSIDERED, Defendant, MID CENTURY INSURANCE COMPANY prays that upon final trial of this matter, a judgment that Plaintiff takes nothing by its claims against Defendant be entered, taxing all costs of defense relating to this matter against Plaintiff and that Defendant receives such other and further relief, general and special, at law and equity to which it is entitled.

Respectfully submitted,

**DOYEN SEBESTA, LTD., LLP**


By: ___/s/ Scot G. Doyen_____
Scot G. Doyen
State Bar No. 00792982
sdoyen@ds-lawyers.com
Alasdair A. Roberts
State Bar No. 24068541
aroberts@ds-lawyers.com
Paragon Center One
450 Gears Road Suite 350
Houston, Texas 77067
(713) 580-8900
(713) 580-8910 Facsimile

**ATTORNEYS FOR DEFENDANT
MID CENTURY INSURANCE
COMPANY**


## CERTIFICATE OF SERVICE

I certify that a true and correct copy of the foregoing document has been forwarded to all counsel of record via hand delivery, USPS CMRRR, electronic service and/or facsimile on this the 27th day of November, 2017.


Jeffrey G. Zane, Esq.
MERLIN LAW GROUP, P.A.
515 Post Oak Blvd, Suite 750
Houston, Texas 77027
(713) 626-8880
(713) 626-8881 (Facsimile)
jzane@merlinlawgroup.com


_____/s/ Scot G. Doyen_____
Scot G. Doyen/Alasdair A. Roberts

Envelope Details

Print this page

# Case # 2017CI16831

**Case Information**

| | |
|---|---|
| Location | Bexar County - District Clerk |
| Date Filed | 11/27/2017 11:11:15 AM |
| Case Number | 2017CI16831 |
| Case Description | |
| Assigned to Judge | |
| Attorney | Scot Doyen |
| Firm Name | Doyen Sebesta, Ltd., LLP |
| Filed By | Beka Worsham |
| Filer Type | Attorney/ Other |

**Fees**

| | |
|---|---|
| Convenience Fee | $0.06 |
| Total Court Case Fees | $0.00 |
| Total Court Party Fees | $0.00 |
| Total Court Filing Fees | $0.00 |
| Total Court Service Fees | $2.00 |
| Total Filing & Service Fees | $0.00 |
| Total Service Tax Fees | $0.00 |
| Total Provider Service Fees | $0.00 |
| Total Provider Tax Fees | $0.00 |
| Grand Total | $2.06 |

**Payment**

| | |
|---|---|
| Account Name | Visa (3846) |
| Transaction Amount | $2.06 |
| Transaction Response | Approved |
| Transaction ID | 32468504 |
| Order # | 020902830-0 |

**Original Answer of (Name of Litigant Filing Answer)**

| | |
|---|---|
| Filing Type | EFileAndServe |
| Filing Code | Original Answer of (Name of Litigant Filing Answer) |
| Filing Description | Mid Century Insurance Company |
| Reference Number | 8000 Del Donore; 170881 |
| Comments | |
| Status | Accepted |

Envelope Details                                                    Page 2 of 2

| | |
|---|---|
| Accepted Date | 11/28/2017 02:22:53 PM |
| **Fees** | |
| Court Fee | $0.00 |
| Service Fee | $0.00 |
| **Documents** | |
| *Lead Document* | Answer - General Denial - Mid Century.pdf [Original] [Transmitted] |

**eService Details**

| Name/Email | Firm | Service Type | Status | Served | Date/Time Opened |
|---|---|---|---|---|---|
| Jeffrey G. Zane<br>jzane@merlinlawgroup.com | | EServe | Sent | Yes | 11/27/2017<br>11:40:33 AM |